UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES T. MURZIKE,
FDOC Inmate #L07713
    Plaintiff,

v.                              Case No. 3:24cv196/LAC/ZCB

R. QUINN, et al.,
    Defendants.
                       /

## REPORT AND RECOMMENDATION

Plaintiff James T. Murzike is an inmate of the Florida Department of Corrections (FDOC). He is proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. (Doc. 1). After reviewing Plaintiff's complaint, the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b)(1) because Plaintiff has abused the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625

1

(11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 1 at 33-35). Question A asked Plaintiff if he "had any case dismissed for a

---

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

reason listed in § 1915(g) which count as a 'strike.'" (*Id.* at 33).  Plaintiff marked the box "no" and did not disclose any cases in response to Question A. (*Id.*). Question C asked Plaintiff if he had "filed any other lawsuit in federal court either challenging [his] conviction or otherwise relating to the conditions of [his] confinement." (*Id.* at 34). Plaintiff checked "no" and did not disclose any cases in response to Question C. (*Id.*). Plaintiff did attach a list of 13 previous cases to his complaint. (*Id.* at 36). As explained below, however, this list is incomplete. At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury that the foregoing (including all continuation pages) is true and correct." (*Id.* at 35, 37).

Plaintiff, therefore, certified that at the time he filed this case on April 30, 2024, he had not filed any other lawsuit in federal court that was dismissed as a strike or related to the conditions of his confinement other than the 13 cases listed.[2] The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915A to determine whether it is subject to

---

[2] The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

3

dismissal for any of the grounds listed in that statute, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to Public Access to Court Electronic Records (PACER), Plaintiff commenced the following actions prior to filing his complaint in this case:

- *Murzike v. FDOC*, 3:20cv1317 (M.D. Fla.). This case was opened November 19, 2020 and challenged the "living conditions and physical assault, sexual abuse and false disciplinary reports written here at Santa Rosa." (Case No. 3:20cv1317, Doc. 1 at 1). This case was transferred to the Northern District of Florida, Case No. 3:20cv5958.

- *Murzike v. Spear*, 3:22cv114 (M.D. Fla.). This case was opened February 3, 2022 and challenged the "living conditions, & physical assaults, sexual abuse & false disciplinary report[s] here at Santa rosa C.I." (Case No. 3:22cv114, Doc. 1 at 1). The case was transferred to the Northern District of Florida, Case No. 3:22cv1467. It was dismissed on June 21, 2022 for failure to comply with court orders, failure to prosecute, and for abuse of the judicial

process because Plaintiff failed to disclose his litigation history.

- *Murzike v. McKinney*, 3:24cv136 (M.D. Fla.). This case was opened February 5, 2024 and alleged FDOC officials used excessive force, falsified disciplinary reports, improperly placed him on property restriction, and retaliated against him. Plaintiff's complaint was dismissed with leave to amend on April 24, 2024 for several reasons, including misrepresenting his litigation history.

Additionally, Plaintiff has a slew of cases that were opened and then dismissed for failing to file a complaint on the proper form.[3] Plaintiff did not disclose these cases anywhere on the complaint form. Since these cases related to the conditions of his confinement, they should have been disclosed in Question C. And *Murzike v. Spear* counts as a strike for purposes of § 1915(g) and should have been disclosed in Question A.

Plaintiff, a frequent litigant, was well aware that he is required to fully and accurately disclose his litigation history in his complaint form.

---

[3] Those cases include: (1) *Murzike v. Forgarty*, 3:24cv243 (M.D. Fla.), (2) *Muzike v. Santa Rosa C.I.*, 3:24cv433 (M.D. Fla.), (3) *Murzike v. Kelley*, 3:18cv1366 (M.D. Fla.), (4) *Murzike v. Warden*, 3:22cv598 (M.D. Fla.), (5) *Murzike v. Florida State Prison*, 3:22cv1290 (M.D. Fla.), (6) *Murziek v. Rulevitch*, 3:22cv1359 (M.D. Fla.), (7) *Murzike v. Green*, 3:23cv75 (M.D. Fla.), (8) *Muzike v. Union Correctional Institution*, 3:23cv179 (M.D. Fla.), and (9) *Murzike v. Pittman*, 3:23cv1496 (M.D. Fla.).

Indeed, Plaintiff was informed in previous cases of his responsibility to fully and accurately disclose his litigation history. *See Murzike v. Spear*, 3:22cv1467 (N.D. Fla.); *Murzike v. McKinney*, 3:24cv136 (M.D. Fla.).

How does the Court know that this James Murzike and the James Murzike that commenced the above case are one and the same? The plaintiff in those cases listed FDOC Inmate #L07713 on his initial filings. Plaintiff lists the same inmate number on the complaint form in this case. (Doc. 1 at 1).

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

6

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having previous cases dismissed for failure to disclose his litigation history. Consistent with the Eleventh Circuit precedent

previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[4]

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1);

2. All pending motions be **DENIED as moot**; and

3. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 8th day of May 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained

---

[4] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.